UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE: PAMELA J. DORSEY-MATTHEWS           )
                                            ) Chapter 13
                                            )
         Debtor(s)                          ) Bk. Case No: 17-11500-BLS

### CHAPTER 13 PLAN

I. **Notice**

NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL. BANKR. L.R. 3023-1 AND YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. IF YOU OPPOSE THE PLAN'S TREATMENT OF YOUR CLAIM OR ANY PLAN PROVISION YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST 7 DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING. THE BANKRUPTCY COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION IS FILED. SEE BANKRUPTCY RULE 3015. YOU SHOULD NOTE THE FOLLOWING (boxes must be checked by debtor(s) if applicable):

[ ] The plan seeks to limit the amount of a secured claim, as set out in III.2, which may result in partial payment or no payment at all to the secured creditor
[ ] The plan will seek avoidance of a lien or security interest
[ ] The plan contains nonstandard provisions in paragraph VI

II. **Plan Payments and Length of Plan:** The future earnings of the debtor are submitted to the supervision and control of the Court and the Debtor's employer or the Debtor shall pay to the Trustee the sum of $480.00 (monthly) for Sixty (60) months.

III. **Plan Distribution:** From the payment so received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

   1. **Priority Claims:**
      Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Section 507.
      [ X ]   (A) Debtor's Counsel Fees (Paid outside of Plan)
      [ X ]   (B) Taxes $14,570 (IRS)
                   $2,045.22 (NCC Sewer)
      [ ]     (C) Domestic Support Obligations_____
      [ ]     (D) Other Priority or Administrative Expenses_____

   2. **Secured Claims**–(boxes must be checked)
   [ ] Pro-rata with or
   [ X ] subsequent to dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

[ X ] (A) Long term or mortgage debt -FIRST MORTGAGE PRE-PETITION ARREARAGE ONLY, ($10,000.00 est.) to Seterus (Loan No. XXX7840) for the property located at 312 Cedar Avenue, Wilmington, Delaware 19804-2902.

[ X ] Debtor shall continue to make regular post-payments directly to Seterus (Loan No. XXX7840) for the property located at 312 Cedar Avenue, Wilmington, Delaware 19804-2902. This Section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b) and the parties shall be so governed.

[] (B) Long term or mortgage debt -None.

[ ] Debtor shall continue to make regular post-payments directly to NONE. This Section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b) and the parties shall be so governed.

[ ] (B) Secured Vehicle debt (cramdown) - Pro-rata payments to: _____ in the amount of $_____ for payment in full of the value of property or in equal monthly payments of $_____ per month for the ___(collateral)___. Total payments will be $_____.

[ ] (C) Secured Vehicle debt (910 car claim) – NONE. Debtor will make direct payments to _____(Loan No. XXX) of $_____ per month for car loan secured with _____.

[ X ] (D) Other secured debt: Debtor will pay car title loan on 2001 Chevrolet Cavalier (Balance estimated to be $400.00) directly to Title Max.

3. **Surrender of Collateral and Co-Debtor Relief:**
   [   ](A) Debtor surrenders secured collateral to: (Name of creditor and collateral)_____ Debtor(s) abandons such property and agrees that the Automatic Stay under 11 U.S.C. Section 362 is terminated as to the property and any interest in the property effective immediately on confirmation of this Plan. Claims, if any submitted by such creditor may receive a distribution under the Plan if such claims reflect an applicable deficiency balance remaining following surrender.

   ___(B) Co-Debtor relief under 11 USC Section 1301 is granted effective immediately upon confirmation of the Plan as to surrendered property.

4. **Unsecured Claims:**
Subsequent to dividends to priority and secured creditors, dividends to allowed non-priority general unsecured creditors shall be distributed as follows:

General unsecured creditors will be paid [ ] a dividend of 100% of their allowed claim or [ ] a pro rata dividend of
[ ] 1. _____ BIOC or
[ ] 2. _____ Disp. Income x 60 months as calculated under Section 1325(b), or
[ X ] 3. a pro-rata dividend from the base plan, if any.

IV. **Leases or Executory Contracts:** (If applicable) The following leases or executory contracts of the debtor will be treated as follows:

V. **Vesting of Property:** Title to Debtor's property shall revest in the Debtor on confirmation of the Plan, except for undistributed plan payments held by the Trustee. Unless otherwise ordered, upon conversion of this case to Chapter 7 all undistributed plan payments received from a debtor's post-petition wages shall be refunded to the debtor(s). Upon dismissal, unless otherwise ordered, the Trustee is authorized to disburse undistributed plan payments to allowed claimants in accordance with this Plan.

VI. **Nonstandard Provisions**: Any other nonstandard provision placed elsewhere in this plan is void.

VII. **Filing Proof of Claim Required**: A proof of claim must be filed in order to share in distributions under the plan. A proof of claim may be filed either electronically or as paper. To file an electronic claim, go to the website www.deb.uscourts.gov and click on "File a Claim" and follow the instructions. Once the necessary information is entered the form will be automatically generated. To obtain a claim form to file a paper claim, go to the website www.uscourts.gov and click on "Services and Forms, then click on Bankruptcy Forms, the Select B410-Proof of Claim. Completed paper claims should be delivered or mailed to United States Bankruptcy Court, Attn: Claims, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

_/s/ Pamela J. Dorsey-Matthews_

Pamela J. Dorsey-Matthews
Debtor's Signature

July 8, 2017
Date

**The undersigned certifies that this plan contains no nonstandard provision other than as set forth in paragraph VI above.**

_/s/ Timothy Joseph Weiler_
Timothy Joseph Weiler
Attorney for Debtor(s)

July 8, 2017
Date

CHAPTER 13 PLAN ANALYSIS

IN RE: PAMELA J. DORSEY-MATTHEWS   CASE NO. 17-

Prior: Bankruptcy ( N )         Chapter 13  ( N ) Date:
Estimated Length of Plan: ___60____ months      Trustee Use:
341 Meeting Date: ___ Continued:_____
Confirmed Date: _____

TOTAL DEBT PROVIDED FOR UNDER
THE PLAN AND ADMINISTRATIVE EXPENSES

Total Priority Claims (Class One)
Unpaid attorney's fees                         $
Supplemental Attorney fee                      $
Taxes                                          $14,570.00 (IRS est.)
                                               $2,045.22 (NCC Sewer)
Total of Payments to Cure Defaults (Class Two)    $10,500.00
Total of Payments on Secured Claims (Class Three)  $
Total of Payments on Unsecured Claims (Class Four)
Disposable Income                              $

Sub-total                        $27,115.00

Total Trustee's Compensation (6.0% of debtor's payments) $1,626.00
Total Debt and Administrative Expense        $28,742.00
RECONCILATION WITH CHAPTER 7

Interest of Class Four Creditors If Chapter 7 Filed
Value of Debtor's Interest in Non-exempt Property $0.00_____
Plus: Value of Property Recoverable Under Avoiding
        Powers                              $_____
Less: Estimated Chapter 7 Administrative Expense  $_____
Less: Amounts Payable to Priority Creditors other
        Than cost of administration          $_____
    5. Equals: Estimated Amount Payable to Class Four
       Creditors if Chapter 7 Filed (if negative, enter zero) $0.00
       Estimated dividend under Plan         $

 _/s/ Pamela J. Dorsey-Matthews_                        *July 8,* 2017
Pamela J. Dorsey-Matthews                              Date
Debtor's Signature

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

IN RE: PAMELA J. DORSEY-MATTHEWS    )
                                    ) Chapter 13
                                    )
            Debtor(s)                ) Bk. Case No: 17-  -BLS

### CERTIFICATE OF SERVICE

The Undersigned does hereby certify that he mailed or caused to be mailed a copy of the foregoing **CHAPTER 13 PLAN AND ANALYSIS** via U.S. Mail, first class, postage prepaid or via electronic service on the date noted below, to each of the following entities:

Michael B. Joseph, Esquire
Chapter 13 Trustee
824 Market Street
P.O. Box 1351
Wilmington, Delaware  19801

All Creditors on Matrix


_/S/TIMOTHY J. WEILER_          July 8, 2017
Timothy J. Weiler (DE002363)    Date
716 North Tatnall Street
Wilmington, Delware 19801-1716
302-658-6900
302-510-6125 (FAX)
timweiler@timweilerlaw.com
Attorney for Debtor(s)