IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: PAMELA J. DORSEY-MATTHEWS,<br><br>Debtor.<br>U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE TIKI SERIES III TRUST,<br><br>Movant,<br><br>and<br><br>PAMELA J. DORSEY-MATTHEWS,<br><br>Debtor. | Chapter 13<br>Case No. 17-11500-BLS<br><br><br><br>Docket Ref. No. 39 |

**STIPULATION REGARDING U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE TIKI SERIES III TRUST'S**
**MOTION FOR RELIEF FROM AUTOMATIC STAY AND REQUEST FOR ADEQUATE PROTECTION**

This Stipulated Order is made the _____ day of _____ 2019, by and among Pamela J. Dorsey-Matthews (the "Debtor") and U.S. Bank Trust National Association as Trustee of the Tiki Series III Trust ("Movant"), through their respective counsel, as follows:

**BACKGROUND**

1. The Debtor is the real and registered owner of certain real estate situated at 312 Cedar Avenue, Wilmington, Delaware 19804 (the "Mortgaged Property") and is currently in possession of same.

2. Movant is a secured creditor of the Debtor as evidenced by a certain note (the "Note"), in the principal amount of $76,000.00, executed on December 18, 2007. Pursuant to the Note, Debtor is currently required to make monthly payments in the amount of $786.30.

3. The Debtor executed a Mortgage dated on or about December 18, 2007

(the "Mortgage") securing the Note in favor of Movant's interest in the Mortgaged Property.

4. On or about July 8, 2017 (the "Filing Date"), the Debtor filed a Voluntary Petition for Relief Pursuant to Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").

5. The Debtor is in default of the Note and Mortgage obligations to Movant as she has failed to make full payment of the Note and Mortgage that have come due for the months of 8/1/2018 -5/1/2019.

6. The Debtor's post-petition payments to Movant fell into arrears and Movant filed its Motion for Relief from Stay on April 11, 2019. (Docket No.39).

7. The parties to this Stipulated Order recognize the cost, inconvenience, and uncertainty associated with pursuing and defending the motion for relief from the automatic stay and instead desire to settle their disputes on the terms and conditions set forth in this Stipulated Order.

**NOW, THEREFORE**, with the foregoing Background deemed incorporated herein by this reference as if set forth at length, the parties hereto, intending to be legally bound by this Stipulated Order, and in consideration of the mutual covenant and terms contained herein, agree as follows:

8. Determination of the Movant's Motion is hereby stayed until the Debtor performs, observes, and/or fully comply with any covenant, term, or condition contained in this stipulation, including, without limitation, the performance of payments called for by paragraphs 9 and 10 of this stipulation.

9. The arrearages and costs are calculated as follows:

| | | |
|---|---:|---|
| $ | 7,863.00 | Arrears |
| $ | 441.03 | Unapplied Funds |

|   |          |                              |
|---|----------|------------------------------|
| $ | 181.00   | Filing Fee                   |
| $ | 400.00   | Attorney Fees                |
| $ | 8,002.97 | Total to be paid by stipulation |

Arrears calculated as follows:
Mortgage payments – 8/1/2018 -5/1/2019 @ $786.30 each

    10. Within thirty (30) days of the date of this Order, Debtor shall file a Modified Chapter 13 Plan to provide cure for the balance of the post-petition delinquency in the amount of $8,002.97 as referenced in Paragraph 10 of this Stipulation.

    11. Approval by the Court of this Stipulation shall be deemed an allowed claim in the amount of $8,002.97 for plan distribution purposes. Movant may file a supplemental Proof of Claim for the said post petition arrears if so desired..

    12. Debtor also agrees to pay to Movant their regular monthly payments currently in the amount of $786.30 as they become due under the terms of the Note beginning with the June 1, 2019 payment.

    13. The following shall be Events of Default under this Stipulated Order and under the Note and Mortgage:

        a. the occurrence of a default under the Note and Mortgage including the failure to make a monthly payment to Movant pursuant to the terms of the Note and Mortgage; and

        b. Debtor's failure to perform, observe, or fully comply with any covenant, term, or condition contained in this Stipulated Order including, without limitation, the failure to file the Modified Chapter 13 Plan or failure to make any payment called for by paragraphs 11 and 13 respectively of this Stipulated Order.

    14. Upon the occurrence of an Event of Default and ten (10) days' notice

thereof to Debtor and her counsel as set forth in paragraph 11 above and Debtor's failure to cure said event of default within 10 days of receipt of said Notice of Default, Relief from Stay will be hereby lifted without further hearing, and Movant may, at its option, exercise any or all of the following rights and remedies:

    a.    declare all existing liabilities, indebtedness, and obligations of the Debtor to Movant immediately due and payable, including, but not limited to, interest, principal, expenses, advances to protect Movant's interest in the Mortgaged Property, and reasonable counsel fees to enforce this Stipulated Order of the Note and Mortgage, all without demand, notice, or any further actions;

    b.    institute any legal proceedings available to Movant for the purpose of recovering any damages suffered by Movant as a result of Debtor's breach of this Stipulated Order;

    c.    take any and all actions necessary to foreclose upon the Mortgaged property; and/or

    d.    exercise any other right or remedy available to Movant under applicable law.

    e.    All of the above items "a" through "d" shall be *in rem* actions only against the property.

15.    All notices required or desired to be given to the Debtor hereunder shall be in writing and shall be deemed to have been given when the notice is (i) personally delivered to Debtor and her counsel or (ii) sent by United States First Class Mail, postage prepaid to Debtor

at her address set forth below and sent by United States First Class Mail, postage prepaid to Debtor's counsel at the address and number set forth below:

Debtor:

Pamela J. Dorsey-Matthews
312 Cedar Avenue
Wilmington, DE 19804

With a Copy to:

Timothy Joseph Weiler, Esquire
Tim Weiler Law
716 North Tatnall Street
Wilmington, DE 19801-1716

Michael B. Joseph
Chapter 13 Trustee
824 Market Street
P.O. Box 1351
Wilmington, DE 19899-1351

Any notice of a change in the foregoing addresses shall be sent to counsel for Movant.

16. This Stipulated Order shall be binding upon the parties hereto, their respective heirs, successors, assigns, executors, administrators, and legal and personal representatives, regardless of whether the Debtor's bankruptcy case is converted or dismissed and shall be binding upon any trustee appointed in the case. Confirmation of any plan or reorganization filed in Debtor's bankruptcy case shall not alter, amend, modify, or otherwise affect any term, covenant, or condition of this Stipulated Order without the prior written consent of Movant.

17. Nothing herein nor any delay on the part of Movant in the exercise of any right or remedy hereunder shall operate or be construed as a waiver of any of Movant's rights hereunder.

18. This Stipulated Order may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute but one and the same instrument.

19. It is expressly understood and agreed that the execution and entry of this Stipulated Order shall in no way constitute a waiver of the Debtor's right to propose a plan of reorganization which seeks to impair Movant's claim or right to object to any plan of reorganization proposed or filed by the Debtor.

20. As long as no uncured Event of Default exists, the terms of Stipulated Order shall remain in effect until all of the payments under paragraph 9 have been made.

21. Attorney fees and costs for issuing Notice to Cure, Notice / Certificate / Affidavit of Default, and order for relief are recoverable and may be added to the arrearage.

**IN WITNESS WHEREOF**, the parties hereto have authorized their counsel to execute this Stipulated Order on their behalf and have caused this Stipulated Order to be executed.

Date: 7/3, 2019

MCCABE, WEISBERG & CONWAY, LLC

Kristi J. Doughty, Esquire (No. 3826)   Janet Charlton
1407 Foulk Road, Suite 204                (No. 2797)
Foulkstone Plaza
Wilmington, DE 19803
(302) 409-3520 [tel]
(855) 425-1980 [fax]
Counsel for Movant

Date: 6/27, 2019

Timothy Joseph Weiler, Esquire
Tim Weiler Law
716 North Tatnall Street
Wilmington, DE 19801-1716
Counsel for Debtor

The Trustee has read this Stipulated Order and consents to the terms thereof.

Dated: 7-1, 2019

Michael B. Joseph

**APPROVED AND SO ORDERED** this _____ day of _____ 2019.

BY THE COURT:

_____
United States Bankruptcy Judge

7